On January 8, 1997, the defendant renewed its motion to dismiss plaintiff's appeal for failure to timely file a Form 44, this time, within the period provided by the Commission's Order of December 13, 1996. The time for filing the Form 44 had been extended once previously with the consent of the defendant. On January 14, 1997, the Commission received plaintiff's Form 44.
The Full Commission is generally reluctant to dismiss appeals on technical grounds, particularly including those of pro se
claimants, if it appears that the claim could arguably have merit. Plaintiff alleges that he sustained a compensable injury on December 2, 1989, but did not file a claim until September 7, 1995, and the Deputy Commissioner dismissed his claim on that basis, per N.C. Gen. Stat. § 97-24. The sole colorable grounds for delay suggested in the hearing evidence was that defendant failed to post the Notice to Employees required by I.C. Rule 201 (and since January 1, 1994, by N.C. Gen. Stat. § 97-93(e)). The Deputy Commissioner did not make a finding concerning this, and it is not clear that this could be responsible for plaintiff's lack of urgency in pursuing the claim for nearly six years, while no benefits were received. On the other hand, he also testified that he received a settlement of $10,000.00 from the insurer of the third party tortfeasor. Since the defendant could offset any third party recovery — which presumably represents all medical expenses and loss wages, plus an award for pain and suffering — against a compensation award of medicals and two-thirds of lost wages, it is not at all clear that even complete success on his workers' compensation claim would result in plaintiff getting any additional benefits.
Consequently, pursuant to I.C. Rule 701(2), the plaintiff's appeal, and the claim, should be, and hereby is, DISMISSED.
 S/ _____________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
JRW:md